Manly, J.
 

 We are not informed upon what ground the recovery is resisted in this case, and are unable to discover any. The general law, empowering our incorporated towns to raise a revenue by taxing certain specified objects, provides that #tax, not exceeding twenty-five dollars, may be levied on all persons (apothecaries and druggists excepted,) retailing and selling liquors and wines
 
 of the measure of a quart or less.
 
 The tax in question seems to be in strict conformity with this power. The power of the Legislature to tax dealers in spirituous liquors at will, restrained only by their sense of justice and the interests of the country, we take to be unquestionable. The legislative'authority to delegate this power has been exercised from the foundation of the government, and is equally well fixed. We are not aware of any thing in the laws, by which these powers have been parted with or abridged.
 

 Tire indictable character of a retailing in quantities less than a quart without license, does not at all touch the taxing power.
 

 By the general revenue law, a tax in behalf of the State of five per cent, is levied on capital invested by dealers in liquors, &c., Rev. Code, chap. 99, sec. 2é.
 

 This exercise by the Legislature of the power to tax, and the delegation of it at the same time within certain limits, in respect to the same objects, is of frequent occurrence in the code of the State.
 

 The two taxes are imposed for different purposes. It would be perfectly competent for the Assembly to do both; to tax an object to a certain extent for one purpose, and again to tax it in a similar way for another purpose. And we see no good
 
 *184
 
 reason why it may not divide and delegate a portion of this power when it is necessary or expedient to do so.
 

 The government of North Carolina, in respect to the power of taxation, has been conducted.in this way from the* beginning.
 

 The Legislature exercises directly a portion of the taxing power for State purposes, the county court, under authority from the Legislature, exercises another portion for county purposes, and incorporated towns still another portion for corporation purposes, all upon the same objects of taxation.
 

 We
 
 are of opinion that the^?n?
 
 forma
 
 judgment below, for the plaintiff, is correct.
 

 Per Curiam,
 

 Judgment affirmed.